UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYLER ADAM THOMAS,

                         Plaintiff,

-against-

JANSSEN PHARMACUTICALS, INC.;
JANSSEN RESEARCH AND DEVELOPMENT,
LLC; JOHNSON & JOHNSON; McKESSON
CORPORATION,

                         Defendants.

1:21-CV-6005 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, currently held in the Clallam County Correctional Facility, in Port Angeles, Washington, brings this *pro se* action invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. For the following reasons, the Court transfers this action to the United States District Court for the District of Delaware.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), for venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," whether or not incorporated, if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).[1]

---

[1] With respect to a State with more than one federal judicial district, a defendant that is a

While Plaintiff does not provide the addresses for any of the defendants, he alleges that all of the defendants are incorporated in Delaware and have their principal places of business in Delaware. Because Plaintiff does not allege that all of the defendants reside within New York State and that at least one defendant resides in this federal judicial district, or that a substantial part of the events or omissions giving rise to his claims arose in this federal judicial district, venue is not proper in this court under § 1391(b).[2]

Plaintiff's allegations show that the defendants reside in Delaware, which constitutes one federal judicial district. *See* 28 U.S.C. § 87. Accordingly, venue lies in the United States District Court for the District of Delaware. *See* 28 U.S.C. § 1391(b)(1). The Court therefore transfers this action to the United States District Court for the District of Delaware. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Delaware. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

---

corporation will be deemed to reside in any federal judicial district "in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." § 1391(d).

[2] Plaintiff seems to allege that this action may be related to a multidistrict-litigation action pending in this court. But he does not identify that action, and the Court is unaware of such an action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 14, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                  Chief United States District Judge